### STATE v. LIVINGSTON BROWN.

(Filed 19 November, 1958.)

APPEAL by defendant from *Olive, J.,* June, 1958 Criminal Term, RANDOLPH Superior Court.

Criminal prosecutions originally instituted on affidavits and warrants returnable to the Recorder's Court of Randolph County. The charges were: (1) Unlawful possession of intoxicating liquors; (2) Unlawful possession of intoxicating liquors for the purpose of sale; and (3) Carrying a concealed weapon. In the recorder's court the defendant demanded a jury trial, whereupon "the cases were sent over to the superior court" for trial before a jury. Grand jury indictments were returned for the three offenses, which were consolidated and tried together in the superior court. The jury returned verdicts of guilty on charges 1 and 3, but failed to return a verdict on 2. The court imposed a jail sentence of two years on counts 1 and 3 and provided the two sentences should run concurrently. The defendant appealed, assigning errors.

*Malcolm B. Seawell, Attorney General, Harry W. McGalliard, Asst. Attorney General, for the State.*
*Ottway Burton, Don Davis for defendant, appellant.*

PER CURIAM. The defendant assigns as error the refusal of the court to sustain his motions for nonsuit. The evidence, though not strong, nevertheless was sufficient to justify its submission to the jury.

The court's charge as set out in the record with respect to the unlawful possession of whisky is technically incorrect; however, the defendant has not shown that he is prejudiced by the judgment. The sentence on the charge of carrying a concealed weapon must be sustained. The sentence on the unlawful possession charge runs concur-

rently and imposes no additional punishment. The failure to return a verdict on the charge of unlawful possession for the purpose of sale was equivalent to a verdict of not guilty on that charge.

No Error.